UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAJUN SERVICES UNLIMITED, LLC<br>d/b/a SPOKED MANUFACTURING | CIVIL ACTION |
| VERSUS | NO. 17-491 |
| BENTON ENERGY SERVICE COMPANY<br>d/b/a BESCO TUBULAR and ELITE<br>ENERGY SERVICES, LLC | SECTION A(2) |

## ORDER AND REASONS

Before the Court is a **Motion in Limine (Rec. Doc. 107)** filed by Defendant Benton Energy Service Company D/B/A Besco Tubular ("Besco"). Plaintiff Cajun Services Unlimited, LLC D/B/A Spoked Manufacturing ("Cajun") opposes the motion. (Rec. Doc. 126). The motion, set for submission on April 4, 2018, is before the Court on the briefs without oral argument. This matter is set to be tried to a jury beginning on May 29, 2018. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion is **GRANTED in part and DENIED in part** for the reasons set forth below.

Besco brings the instant motion seeking to exclude and/or strike the proposed expert opinion testimony of Shane Triche, Heath Triche, Bryce Randle (the "Principals"), and Bryan Hall. As an initial matter, Cajun no longer intends to present Bryan Hall as a witness; therefore, Besco's motion seeking to dismiss Bryce Hall as a witness is dismissed as moot. (Rec. Doc. 126, p. 2). Besco presents the following three arguments in support of its motion: (1) the Principals have no specialized training or knowledge that would help the trier of fact understand the evidence or determine a fact in issue; (2) Cajun's proposed opinion testimony is not based on reliable principles or recognized scientific damage calculation methods; and (3) Cajun's proposed opinion testimony amounts to nothing more than improper speculation.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Pursuant to the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the district court acts as gatekeeper to prevent prejudice from unreliable scientific expert testimony. 509 U.S. 579 (1993). The district court has the discretion to exclude expert testimony that is unnecessary because the jury can adeptly assess the situation using its own common sense and knowledge. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).

The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *See United States v. Griffith*, 118 F.3d 318, 323 (5th Cir. 1997). However, the proponent need not prove to the judge that the expert's testimony is correct. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). There exist several traditional and appropriate means for attacking "shaky but admissible evidence," including "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Furthermore, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.*

The Court finds that the Principals are limited to providing lay opinion testimony pursuant to Federal Rule of Evidence 701. While the Principals at issue do not meet the requirements to testify as experts pursuant to Federal Rule of Evidence 702, the Principals may provide opinion

testimony pursuant to Rule 701 to address matters such as lost profits, how the loss of potential profits was caused, and any matters the Principals were knowledgeable of as officers of the company. In *DIJO, Inc. v. Hilton Hotels Corp.*, the Fifth Circuit provided the following on point analysis:

> Federal Rule of Evidence of 701 was amended in 2000 to prohibit lay witnesses from offering opinions based on 'scientific technical or other specialized knowledge within the scope of Rule 702.' We have previously recognized that 'the amendment did not place any restrictions on the preamendment practice of allowing business *owners or officers* to testify based on *particularized knowledge* derived from their position.' Nevertheless, it has always been the rule that lay opinion testimony may be elicited only if it is based on the witness's firsthand knowledge or observations. This foundational requirement helps to eliminate the risk that a party will circumvent the reliability requirements set forth in Federal Rule of Evidence 702 by adducing expert testimony in lay witnesses' clothing.

351 F.3d 679, 685–86 (5th Cir. 2003) (internal citations omitted).

The Principals seeking to provide opinion testimony in this matter have the requisite firsthand, personal knowledge of the company about which they will testify. However, the Principals will not be allowed to testify as "hybrid experts." Therefore, the Principals' testimony must be based on their rational perception as outlined in Rule 701 and their firsthand, personal knowledge of Cajun and its business dealings. As long as the Principals' base their estimates on their own involvement with Cajun—which the Court recognizes is extensive—they will be allowed to provide lay witness opinion testimony.

Finally, the Court notes that both parties to this litigation are intimately familiar with Cajun's Principals and the issues on which they intend to testify. Besco will have ample opportunity to subject the Principals to vigorous cross-examinations at trial. However, the Court warns Cajun of the anticipated cumulative nature of the testimony provided by their Principals. Moreover, while the Court is limiting the Principals to providing lay opinion testimony rather than expert testimony, the Court is cognizant of the potential prejudicial effect on Cajun considering

Besco has retained an expert to rebut lost profits. To avoid undue prejudice, the Court will give Cajun the opportunity to obtain an expert within fifteen (15) days of the issuance of this Order. If Cajun chooses to exercise this option, Besco will be given the opportunity to respond to such an expert's report. The Court admonishes the parties that such a course of action will require a continuance of trial.

Accordingly;

IT IS ORDERED that Defendant's **Motion in Limine (Rec. Doc. 107)** is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that to the extent that Plaintiff seeks to proffer opinion testimony provided by the above-mentioned Principals, the testimony shall be limited to lay witness opinion testimony pursuant to Federal Rule of Evidence 701. The Principals will not be allowed to present opinion testimony in the capacity of experts pursuant to Federal Rule of Evidence 702;

IT IS FURTHER ORDERED that Plaintiff has the option to retain an expert within fifteen (15) days of the date of this Order to provide expert analysis in response to Defendant retaining a lost profits expert. If Plaintiff so chooses, Defendant will be allowed to respond to Plaintiff's expert. The Court admonishes the parties that the exercise of this option will require a trial continuance.

IT IS FURTHER ORDERED that Defendant's motion seeking to exclude Bryce Hall as a witness is **DISMISSED as moot.**

May 7, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE