UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAJUN SERVICES UNLIMITED, LLC, ET AL. | CIVIL ACTION |
| | NO. 17-0491 |
| VERSUS | c/w 18-5630 and 18-5932 |
| BENTON ENERGY SERVICE COMPANY, ET AL. | SECTION: M (2) |
| | *Pertains to 18-5932* |

## <u>ORDER & REASONS</u>

Before the Court is a motion to dismiss for failure to state a claim filed by plaintiffs Cajun Services Unlimited, LLC, d/b/a Spoked Manufacturing ("Cajun"), T2 Tools & Design, LLC, Shane Triche, and Heath Triche (collectively, "Plaintiffs"),[1] to which defendant Benton Energy Service Company, d/b/a Besco Tubular ("Besco"), responds in opposition,[2] and in further support of which Plaintiffs reply.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I.   BACKGROUND**

This action is one among three consolidated lawsuits over rights to an elevator roller insert system ("ERIS"), a technology used in drilling for oil. On January 20, 2017, Cajun filed suit against Besco ("Cajun I Lawsuit"), alleging violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1831, *et seq.*; violation of the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq.*; violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et seq.*; bad faith breach of contract; fraud; and civil conspiracy.[4] Cajun also sought injunctive relief and a declaratory judgment that Cajun was the owner of all right, title, and interest

---

[1] R. Doc. 170 (Case No. 17-491).
[2] R. Doc. 181 (Case No. 17-491).
[3] R. Doc. 187 (Case No. 17-491).
[4] R. Doc. 1 at 14-28 (Case No. 17-491).

1

to all improvements and modifications made to the ERIS, its practice, and any inventions, patent applications, or patents that relate to the ERIS.[5] Besco filed a motion for partial summary judgment to dismiss Cajun's claim under the DTSA on the ground that Cajun lacked standing because it did not own any trade secrets.[6] To streamline the litigation, Cajun agreed not to oppose dismissal on that ground.[7] The Court granted the motion for partial summary judgment, dismissed Cajun's DTSA claim without prejudice, and administratively closed the case in anticipation of Cajun's moving to amend its complaint to assert a patent-infringement claim.[8]

On June 4, 2018, the day before Cajun's ERIS patent issued (Patent No. 9,988,862, "the '862 Patent"), Besco filed suit against Cajun ("Besco Lawsuit"), seeking a declaration that Cajun's patent was invalid, unenforceable, and/or not infringed by Besco.[9] On June 14, 2018, Cajun, its officers Shane Triche and Heath Triche, and a related entity, T2 Tools and Design, LLC, filed suit against Besco, re-alleging the same causes of action asserted in the Cajun I Lawsuit and adding a patent-infringement claim ("Cajun II Lawsuit").[10] Besco answered asserting counterclaims that re-alleged the same causes of action it alleged in the Besco Lawsuit plus allegations of unfair and deceptive trade practices, fraudulent inducement, and breach or invalidity of contract.[11] The Court consolidated the Cajun I Lawsuit with the Besco Lawsuit and the Cajun II Lawsuit on August 15, 2018.[12] On April 3, 2019, the Court granted Cajun's motion to dismiss the Besco Lawsuit for lack of subject-matter jurisdiction; thus, remaining are the Cajun I and Cajun II Lawsuits.[13]

---

[5] *Id.* at 27-28.
[6] R. Doc. 49 (Case No. 17-491).
[7] R. Doc. 135 at 5 (Case No. 17-491).
[8] R. Doc. 136 (Case No. 17-491).
[9] R. Doc. 1 at 1, 8 (Case No. 18-5630).
[10] R. Doc. 1 (Case No. 18-5932); *see also* First Amended Complaint, R. Doc. 175 (Case No. 18-5932).
[11] R. Docs. 20 at 21-27 (Case No. 18-5932) & 165 (Cases No. 17-491 & 18-5932).
[12] R. Doc. 11 (Case No. 18-5630).
[13] R. Doc. 205 (Case No. 17-491).

At issue here are the counterclaims asserted by Besco in the Cajun II Lawsuit. On August 13, 2018, Besco answered Plaintiffs' claims and asserted seven counterclaims, including one counterclaim of invalidity "because the purported inventions [of the '862 Patent] fail to meet the conditions for patentability specified under one or more sections of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112."[14] Plaintiffs advised Besco that they believed the counterclaim alleging invalidity of the '862 Patent ("Second Counterclaim") lacked factual specificity to withstand a Rule 12(b)(6) motion and invited Besco to amend its claim.[15] On October 12, 2018, fourteen days before the October 26, 2018 deadline to amend counterclaims,[16] Besco filed its first amended and supplemental counterclaims.[17] Besco again asserted that the "claims of the '862 Patent are invalid because the purported inventions therein fail to meet the conditions for patentability specified under one or more sections of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112."[18] Besco further asserted that Jamie Lovell ("Lovell"), Besco's operations manager, is a co-inventor of the subject technology, detailing Lovell's conception of the ERIS prior to Cajun's alleged conception and Cajun's failure to disclose Lovell's inventorship in its patent application.[19] In the final paragraphs of the Second Counterclaim, Besco reserves its rights to assert additional grounds of invalidity after the period of discovery and seeks a declaratory judgment of the '862 Patent's invalidity "for failing to meet one or more conditions for patentability under one or more sections of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112."[20]

---

[14] R. Doc. 20 at 22-23 (Case No. 18-5932).
[15] R. Doc. 170 at 2 (Case No. 17-491).
[16] R. Doc. 162 at 1 (Case No. 17-491).
[17] R. Doc. 165 (Case No. 17-491).
[18] *Id.* at 3.
[19] *Id.* at 4.
[20] *Id.*

## II. PENDING MOTION

Plaintiffs seek to dismiss Besco's Second Counterclaim in the Cajun II Lawsuit for failure to state a claim insofar as it asserts invalidity on any ground besides inventorship.[21] While Plaintiffs acknowledge that Besco pleaded facts to support its claim of invalidity based upon inventorship, Plaintiffs assert that the remaining grounds for invalidity fail to state plausible claims for relief under *Iqbal* because Besco merely lists statutory provisions without providing any supporting facts. Because Plaintiffs have already given Besco the opportunity to amend its pleadings, Plaintiffs say Besco's improperly pleaded claims should be dismissed with prejudice.[22]

Besco responds that its allegations about Lovell gave Plaintiffs fair notice as to the nature and basis for all of its invalidity counterclaims. Further, Besco contends that it reserved its right to amend its pleadings after the period of discovery ends on June 7, 2019, whereupon it will set forth additional grounds of invalidity. Alternatively, Besco requests that if the Court is inclined to dismiss its claims, it do so without prejudice so that Besco can exercise its reservation of rights to "assert additional grounds of invalidity at a later date."[23]

In reply, Plaintiffs maintain that Besco's allegations about Lovell as inventor do not support any claim of invalidity due to anticipation, obviousness, indefiniteness, written description, enablement, or any other grounds for invalidity under 35 U.S.C. §§ 102, 103, or 112. Plaintiffs also argue that Besco's attempt to reserve its right to add new claims of invalidity after the close of discovery and beyond the deadline for filing amendments to counterclaims subverts the Court's scheduling order and normal course of litigation. Further, Plaintiffs contend no discovery is necessary for Besco to have asserted additional grounds of invalidity because Besco

---
[21] R. Docs. 170 &187 (Case No. 17-491).
[22] R. Doc. 170-1 at 4 (Case No. 17-491).
[23] R. Doc. 181 at 4-5 (Case No. 17-491).

4

already had access to the relevant material that would support such claims. For instance, to formulate a claim for invalidity due to anticipation or obviousness, Besco would have needed to rely on prior art in the public domain. To formulate a claim for invalidity due to indefiniteness or for failure to satisfy the written description or enablement requirements under 25 U.S.C. § 112, Besco could have relied on the '862 Patent's specification in the public domain. Finally, Besco could also have used the publicly available prosecution history for the '862 Patent and its related applications.[24]

## III. LAW & ANALYSIS

### 1. The Demise of Rule 84 and Form 18

Prior to December 1, 2015, Rule 84 of the Federal Rules of Civil Procedure set the standard for sufficiency of patent-infringement claims as stated in Form 18 of the Appendix of Forms. When Form 18 conflicted with the standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Form 18 prevailed. However, Rule 84 was repealed as of December 1, 2015, thus making *Twombly* and *Iqbal* applicable to patent-infringement claims. *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 2017 WL 568781, at *2-3 (E.D. La. Feb. 13, 2017). Thus, the Court must first determine what standard governs the instant motion to dismiss in this patent-infringement suit.

The Cajun I Lawsuit was filed on January 20, 2017, and the Cajun II Lawsuit was filed on June 14, 2018. Therefore, the revision effective for all patent-infringement suits filed after December 1, 2015, including the repeal of Rule 84, applies to these consolidated cases, and *Twombly* and *Iqbal* govern the instant motion to dismiss. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 n.2 (Fed. Cir. 2016) ("the Supreme Court stated that the rule change 'shall govern in all

---

[24] R. Doc. 187 (Case No. 17-491).

proceedings in civil cases thereafter commenced [after December 1, 2015], and, insofar as just and practicable, all proceedings then pending") (citation omitted).

### 2. The Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts

pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Id.* However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose

authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### 3. Motion to Dismiss Besco's Second Counterclaim for Invalidity

Besco's allegations that merely recite the statutory provisions of 35 U.S.C. §§ 102, 103, and 112 are plainly insufficient. Besco made no attempt to explain how the circumstances alleged regarding Lovell's conception of the technology relate to its claims of invalidity other than those based upon inventorship.[25] Thus, all claims of invalidity unrelated to inventorship must be dismissed. *See SecurityProfiling, LLC v. Trend Micro Am., Inc.*, 2017 WL 1950810, at *1 (E.D. Tex. May 11, 2017) (allegations that "one or more of the claims of the [patent] are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, 112, and/or 116," without more, were dismissed as "skeletal").

Mindful that granting leave to amend is preferable to dismissing claims with prejudice when granting a motion to dismiss, s*ee Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986), the Court notes that Besco does not seek leave to amend its pleadings in its opposition to the motion, nor has Besco sought leave to amend its claims in the time that has elapsed since Cajun filed this motion. *Cf. Wright's Well Control Servs., LLC*, 2017 WL 568781, at *6 (there, unlike here, plaintiff sought leave to amend pleadings in the event the court granted defendants' motion to dismiss). Rather, Besco attempts to subvert the Court's scheduling order by reserving its rights to supplement its claims of invalidity at an unspecified time after the close of discovery. The Court's scheduling order set a deadline of October 26, 2018, for amendments to pleadings, including counterclaims. As is standard procedure, the discovery period necessarily ends well

---

[25] *See* R. Doc. 165 at 4 ¶38 ("This information is directly relevant to the ***inventorship*** of the '862 Patent …."). (emphasis added).

8

after the deadline for amendments to pleadings.[26] Besco cannot unilaterally modify the deadlines set forth in the scheduling order. Only the Court may modify the scheduling order upon a party's demonstration of good cause. *Id.* (citing Fed. R. Civ. P. 16(b)). Yet, Besco's motion fails to address good cause.[27] Therefore, absent any showing of good cause to allow amendment, the Court must dismiss with prejudice Besco's Second Counterclaim as to any claims for invalidity on grounds other than inventorship.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss (R. Doc. 170, Case No. 17-491), filed on behalf of Plaintiffs, is GRANTED.

**IT IS FURTHER ORDERED** that Besco's Second Counterclaim asserted in civil action no. 18-5932 is dismissed with prejudice as to any claims for invalidity on grounds other than inventorship.

New Orleans, Louisiana, this 23rd day of May, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[26] *See* R. Doc. 162 at 1, 3.
[27] Other than the blanket suggestion that it should be afforded an opportunity to amend its Second Counterclaim after the completion of discovery, which the Court understands to be a confession that it has no factual basis to amend now, Besco provides no reasons for ignoring the traditional order of pleading first, then discovery, so as to place the parties on fair notice of the nature and basis of a claim as they proceed to prepare the case for trial. *See* 6A ARTHUR R. MILLER, MARY KAY KANE, & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 2019) (noting that, in demonstrating the good cause necessary to modify a scheduling order, it is insufficient to assert that further discovery is needed without further explanation). The discovery deadline is now just two weeks away and trial is just six weeks away. Yet, Besco has made no effort to seek leave to amend its counterclaim to allege any supporting facts learned in the interim. The Federal Rules of Civil Procedure are designed to avoid this kind of trial by ambush. *See id.* (while the good-cause standard of Rule 16 permits flexibility, a court may deny modification based upon prejudice to the opposing party).